UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA BERLIN,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No. 15-cv-06046-JD<br><br>**ORDER DISMISSING COMPLAINT**<br>Re: Dkt. No. 10 |

Pro se plaintiff Monica Berlin has filed a complaint against 38 defendants alleging federal claims under 42 U.S.C. § 1983 as well as a number of California state law claims. Dkt. No. 10. The Court dismisses the complaint with leave to amend pursuant to 28 U.S.C § 1915(e)(2).

The Court previously granted Berlin's application to proceed in forma pauperis. Dkt. No. 15. A case filed by a plaintiff proceeding in forma pauperis is subject to sua sponte dismissal at any time if the Court determines that it fails to state a claim upon which relief may be granted. 28 U.S.C § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The dismissal must be with leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Id*. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Here, for plaintiff's claims under 42 U.S.C. § 1983, her allegations are entirely conclusory, perfunctory and vague. For example, for her fourth claim for relief for "interference with exercise of free speech: violation of due process" in violation of "42 U.S.C. § 1983, First Amendment and Fourteenth Amendments to the U.S. Constitution," plaintiff alleges that she was "harass[ed],

intimidat[ed], and threaten[ed] . . . in her home for her ideas and beliefs on December 31, 2015." Dkt. No. 10 ¶ 74. But her complaint does not provide any greater factual detail than that. Although at this stage the Court must assume that the plaintiff's allegations are true and draw all reasonable inferences in her favor, *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987), the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Similarly, plaintiff also has not alleged any facts that give rise to a reasonable inference that she was arrested without probable cause or other justification, or that she was subjected to excessive force in the process. Plaintiff's allegations acknowledge that she was removed from her home "under an involuntary 51/50 psychiatric hold," Dkt. No. 10 ¶ 45, which is presumably a reference to California Welfare and Institutions Code Section 5150. Nowhere in her complaint does plaintiff provide any factual basis for concluding that this application of Section 5150 against her was wrongful in any way.

Rather than providing factual allegations that give her claims "facial plausibility," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), plaintiff instead includes allegations that are not allegations at all. *See, e.g.*, Dkt. No. 10 ¶ 54 ("Plaintiff's Insurance Card [Exhibit J]"), ¶ 55 ("San Mateo Daily Journal news article dated January 9-10, 2016 about the state of children in California and San Mateo County [Exhibit K]"); ¶ 57 ("Yearly salary of defendant Loc Nguyen director of San Mateo Human Services Agency $251,027.83 (2014). [Exhibit M]"). Plaintiff does not explain how these seemingly random facts have anything to do with her and the legal claims she is alleging in this case, and it is difficult to imagine how such a connection might exist.

Likewise, for the vast majority of defendants, it is impossible to discern how, if at all, they are connected to this case. The presence in this case of companies such as LinkedIn, Google and Airbnb is particularly puzzling. The many defendants whose names appear only once in the complaint (under the heading "parties") would have "little idea where to begin" in preparing a response to the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007). A complaint with characteristics like these is one that fails to pass muster under either Rule 12(b)(6) or Section 1915(e)(2).

In the absence of a cognizable federal claim, the Court finds it unnecessary to expressly address her supplemental state law claims at this time, but the Court does note that the same deficiencies that exist for her federal claims appear to permeate her state law claims as well. Because the Court cannot say any amendment would be futile, plaintiff is given leave to amend. Any amended complaint must be filed no later than **August 22, 2016**.

The Court advises plaintiff that to go forward, any amended complaint must contain substantive factual allegations that go beyond mere "threadbare recitals of a cause of action's elements." *Iqbal*, 556 U.S. at 663.  In addition, for each and every defendant named in the complaint, plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in that support [her] claim." *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984).  And each named defendant must be connected to an alleged legal violation.

If needed, plaintiff may seek assistance through the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco to provide information and limited-scope legal assistance to pro se litigants in civil cases.  The Legal Help Center is located in the United States Courthouse, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102.  Appointments may be made by dialing 415-782-8982, and additional information is available at http://www.cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Dated: July 27, 2016

JAMES DONATO
United States District Judge